UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAFAEL ANGEL HIDALGO
VEGA,

      Plaintiff,

v.                                                    Case No: 6:21-cv-1930-EJK

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIBs") alleging October 15, 2018, as the disability onset date. (Doc. 25 at 1.) In a decision dated July 1, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 31.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 25), and the applicable law. For the reasons stated herein, the Court reverses the Commissioner's decision and remands this case to the Commissioner for further proceedings.

---

[1] On January 14, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 17.) Accordingly, this case was referred to the undersigned by an Order of Reference on January 20, 2022. (Doc. 21.)

**I.      ISSUE ON APPEAL**

The sole issue on appeal is whether the ALJ properly considered the opinion of Plaintiff's doctor, Alex C. Perdomo, MD. (*See* Doc. 25.)

**II.     STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

**III.    ANALYSIS**

Plaintiff argues that the ALJ erred in evaluating the opinion of his doctor, Dr. Perdomo, because the ALJ failed to adequately consider the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c(b)(2). (Doc. 25 at 7.) Specifically, Plaintiff states that the ALJ determined Plaintiff had the capacity to perform "light work as defined in 20 CFR 404.1567(b)." (Tr. 35.) Social Security Ruling 83-10 states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." By contrast, Dr. Perdomo opined that Plaintiff "can stand and walk for four hours a day in an eight-

hour workday with normal breaks. [Plaintiff] can sit for six hours a day in an eight-hour workday with normal breaks." (Tr. 932.) The Commissioner argues in response that the ALJ's treatment of Dr. Perdomo's opinion adequately addressed the factors of supportability and consistency (*Id.* at 12–15.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

Here, after discussing the findings in Dr. Perdomo's medical opinions, the ALJ ultimately concluded:

> This finding is not persuasive. As noted, earlier, during examination Dr. Perdomo observed limited range of motion of the thoracolumbar spine, and the positive straight leg raising tests. These observable clinical signs on examination combined with claimant's remaining impairments that required surgery and visits to the emergency room are more consistent with light work as defined above.

(Tr. 39.)

The undersigned finds this explanation insufficient. Although the ALJ listed two reasons for finding Dr. Perdomo's opinions unpersuasive, the ALJ failed to articulate *how* her reasoning is related to the factors of supportability and consistency,

or otherwise explain her consideration of those two factors. The ALJ failed to adequately discuss how a limited range of motion of the thoracolumbar spine and positive straight leg raising tests coupled with additional impairments that require surgery and visits to the emergency room supports a light-work finding. An ALJ's conclusory statements that an examining physician's opinions are unpersuasive and unrelated to the record are inadequate unless the ALJ articulates specific factual support to establish such conclusion. *See Pierson v. Comm'r of Soc. Sec.*, 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *7 (M.D. Fla. April 8, 2020). The Court is unable to determine whether the ALJ's decision is supported by substantial evidence because the ALJ failed to build the necessary "accurate and logical bridge from the evidence to [her] conclusion." *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008).

While the Commissioner has examined the record and attempted to provide support for the ALJ's assessment of Dr. Perdomo's opinions, such *post-hoc* rationalizations do not provide the basis for judicial review of an administrative decision. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010). This Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 782, 782 (11th Cir. 2014).

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with this Order, pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE